UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROWN,

       Plaintiff,                        CIVIL ACTION NO. 09-14833

     v.                                  DISTRICT JUDGE DAVID M. LAWSON

EBONY LITTLE, DON SMITH,         MAGISTRATE JUDGE MARK A. RANDON
STEPHANIE KERN, DTE, NAN
[DEPRIEST] and GOODWILL
INDUSTRIES,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS
EBONY LITTLE, DON SMITH AND GOODWILL INDUSTRIES'
MOTION FOR SUMMARY JUDGMENT (DKT. 15) AND TO GRANT
DEFENDANTS NAN [DEPRIEST] AND DTE'S MOTION TO DISMISS (DKT. 16)**

       This is a civil rights action brought pursuant to 42 U.S.C. § 1983. On December 23, 2009, the Court referred all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b) (Dkt. 4). There are two motions before the Court: (1) Defendants Ebony Little, Don Smith and Goodwill Industries' motion for summary judgment[1] (Dkt. 15); and (2) Defendants Nan DePriest and DTE's motion to dismiss (Dkt. 16).

       The Court held oral argument on these motions on March 11, 2010. For the reasons set forth below, it is **RECOMMENDED** that both motions be **GRANTED** and that Plaintiff's case be dismissed. More particularly, it is recommended that Plaintiff's federal claims be dismissed

---

      [1] Although captioned and docketed as a motion for "summary judgment," this motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), and is actually a motion to dismiss.

-1-

with prejudice and that the Court decline to exercise supplemental jurisdiction over any potential state law claims brought by Plaintiff, thereby dismissing Plaintiff's state law claims without prejudice.

## I. FACTUAL ALLEGATIONS

Unless otherwise indicated, the relevant facts are taken from the Complaint of Plaintiff Henry Brown ("Plaintiff"). During the summer of 2009, Plaintiff alleges that he was on parole and employed by Defendant Goodwill Industries ("Goodwill") (Dkt. 1, Compl. ¶ 1).[2] On July 14, 2009, Plaintiff claims that Gregory Baker, a co-worker at Goodwill, told Plaintiff that he bore a resemblance to "the Eastside rapist" (*Id.* ¶ 7).[3] Mr. Baker is not a defendant in this case. Plaintiff further alleges that *Plaintiff* then told Defendant Ebony Little, another co-worker at Goodwill, that Mr. Baker thought Plaintiff resembled the Eastside rapist, and that Little responded that she thought Plaintiff did not "look like the Eastside rapist" (*Id.* ¶ 7).

As part of their employment duties for Goodwill, Plaintiff and Little were assigned to a recycling job for DTE Energy. Plaintiff next alleges that Little told Defendant "Nan,"[4] a supervisor with DTE, that Plaintiff was the Eastside rapist and that she feared for her life (*Id.* ¶

---

[2] Goodwill provides jobs to certain released offenders through its voluntary participation in the Michigan Prisoner Reentry Initiative. During oral argument, Goodwill indicated that it receives only small reimbursements from the State to cover the cost of certain incidental expenses, such as bus fare for participants.

[3] In early to mid July 2009, the Detroit Police Department released a sketch of the suspect alleged to have committed multiple rapes of women at gun-point on the east side of Detroit. The sketch was widely disseminated by television and print media. *See*, Fox News Detroit, July 13, 2009 (10 p.m. newscast).

[4] Plaintiff indicates in his Complaint that he did not know "Nan's" last name, but that Nan works for DTE and is the supervisor at the "Trombley site" (*Id.* ¶ 3). Nan was later identified by defense counsel as Nan DePriest.

8). Plaintiff claims that, as a result of Little's conversation with Nan DePriest, DePriest called Defendant Don Smith (Plaintiff's supervisor at Goodwill) and told him to "have...[P]laintiff give a DNA sample" (*Id.*). Plaintiff admits that "Nan [DePriest] never called the police" (*Id*. ¶¶ 8, 11). Plaintiff does not allege in his Complaint that he ever gave a DNA sample and admitted during oral argument that he never gave any DNA sample to Defendants.

Plaintiff further claims that DTE and/or DePriest allowed Little to park "in an undisclosed parking area" away from Goodwill employees assigned parking and gave Little "special treatment," ostensibly because Little was afraid of Plaintiff (*Id.* ¶ 9). Plaintiff alleges that this special treatment gave "the impression that...[P]laintiff was guilty" (*Id.*). Plaintiff also alleges that Smith said "that [P]laintiff looked like the picture of the serial rapist on the front page..." and "told...[P]laintiff that he needed to turn himself in to the police because all the other employees thought he was the serial rapist" (*Id.* ¶ 10). Plaintiff admits that "Goodwill Industries never call (sic) the police" (*Id.*).

Plaintiff claims that he continued to be treated like a rapist even after an arrest was made in the Eastside rapist case, and that "such a hostile work environment" was created for him that he had to be terminated "to save future embarrassment for both companies" (*Id*. ¶ 12).[5] Plaintiff claims that he was "slandered, harassed and discriminated against without a forum to clear his name" (*Id.* ¶ 18). Plaintiff does not allege that he was charged with any crime or that his parole was adversely impacted by Defendants' conduct. Indeed, Plaintiff admits that he was "never charged or ruled a suspect by law enforcement..." (*Id.* ¶ 19).

---

[5] Defendant Goodwill claims that Plaintiff was terminated for violation of its attendance policy.

## II. DISCUSSION

### A. *Motion to Dismiss Standard*

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P.12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *See Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 566 U.S. at 1950.

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citations omitted). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 550 U.S. 544). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

A *pro se* litigant's complaint is to be construed liberally. *See Middleton v. McGinnis*, 860 F.Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, because access to the courts is essential to the enforcement of laws and protection of the values that are rooted deeply in our democratic form of government, this Court may not treat lightly the claims of any litigant, even those whose contentions appear fantastic and baseless on their face. Each complaint is entitled to a thorough review to determine whether it has merit and states a federally cognizable claim. The cost of this sound judicial policy, measured in the expenditure of judicial resources, is one that is well worth the benefit of open access to the judicial process. *See Dekoven v. Bell*, 140 F.Supp.2d 748 (E.D. Mich. 2001).

### B. Defendants Did Not Act "Under Color Of State Law"

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). At issue here is the "under color of state law" requirement –

Defendants argue in their motions to dismiss that Plaintiff has not demonstrated that Defendants acted under color of state law.

In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). "If a private actor is functioning as the government, that private actor becomes the state for purposes of state action." *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 508 (9th Cir. 1989) (citing *Terry v. Adams*, 345 U.S. 461, 469-70 (1953)). When a governmental entity delegates one of its traditional or governmental public functions to a private entity, that private entity may be held liable under the federal Constitution with respect to its performance of that function.

Similarly, courts have held that the delegation of the traditional governmental functions of incarceration and corrections to a private contractor renders the contractor's employees state actors for purposes of § 1983. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Giron v. Corrections Corp. of Am.*, 14 F.Supp.2d 1245, 1249-51 (D.N.M. 1998)(collecting cases).

Plaintiff has not presented any allegations in his Complaint by which Defendants' conduct could be fairly attributed to the State, nor does Plaintiff allege that Defendants were functioning as the government or that the government delegated one of its traditional functions to Defendants. In his briefs in response to Defendants' motions to dismiss, Plaintiff raises the

following arguments: (1) "Goodwill Industries has the power to send [Plaintiff] back to prison to 2013 or keep him on parole 2013 (sic)" (Dkt. 18, p. 15); (2) the state "gave Goodwill Industries the right and privileges to control MPRI [Michigan Prisoner Reentry Initiative] workers" (*Id.,* p. 26); (3) "Goodwill Industries obtained so much aid from state officials because Goodwill Industries was doing their job monitoring parolees to prevent crimes" (*Id.,* p. 16); and (4) that Plaintiff met with his parole officer at Goodwill Industries (*Id.*, p. 17). In support of these arguments, Plaintiff cites *Temple v. Albert*, 719 F.Supp. 265 (S.D. N.Y. 1989).

In *Temple v. Albert*, the plaintiff was apprehended by private security guards of Columbia Presbyterian Hospital. The plaintiff's complaint raised two claims: (1) that he was assaulted by the security staff at Columbia Presbyterian Hospital upon his arrest and continuously thereafter while he was handcuffed and unable to resist; and (2) that he was denied medical attention by the medical staff at Columbia Presbyterian Hospital. The security staff and the doctor moved to dismiss the plaintiff's case, arguing that they were private citizens, and that therefore they did not act "under color of state law." The court denied the defendants' motion, finding that the security officers were designated "Special Patrolmen," appointed by the New York City Police Commissioner, and that Special Patrolmen acting pursuant to a statutory grant of police power are sufficiently controlled by the state to be properly characterized as acting "under color of state law." *Temple*, 719 F.Supp. at 267 (citations omitted). As to the doctor, the court found that the plaintiff properly alleged that the doctor conspired with the security guards, and thus has satisfied the requirement for maintaining a § 1983 action against a private defendant. *Id.*

The *Temple* case is distinguishable from the present matter, as Defendants in this case were not acting pursuant to any statutory grant of power, as were the hospital security guards in

*Temple*. Accordingly, Plaintiff has not established that Defendants' conduct was "fairly attributable to the State." Furthermore, Plaintiff does not allege that Defendants acted in concert with any State officials, nor does he allege that his parole was revoked or extended in any way due to any action by Defendants. Indeed, Plaintiff specifically admits in his Complaint that Defendants "never called the police" (Dkt. 1 ¶¶ 8, 11).

As to Plaintiff's argument that Goodwill controlled his ability to participate in the MPRI program, Plaintiff does not cite any case holding that private companies employing parolees are treated as "acting under color of state law" for purposes of § 1983 litigation. Moreover, it does not appear that Plaintiff has any constitutionally protected right to participate in the MPRI program. Indeed, a court recently dismissed a § 1983 action brought by a former prisoner, holding that former prisoners "do not have a fundamental right to prisoner reentry services under the Constitution..." and do "not have a federally cognizable liberty or property interest in participating in state-created rehabilitative programs." *Parr v. Caruso*, 2010 WL 727106 *2-3 (Feb. 25, 2010, W.D. Mich)(Jonker, J.).

Plaintiff's argument that Goodwill becomes a state actor by virtue of its receipt of state funding also fails. In *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982), a former vocational counselor and teachers at a privately operated school for maladjusted high school students brought suit under § 1983, claiming that they had been discharged by the school in violation of their First, Fifth, and Fourteenth Amendment rights. The plaintiffs argued that the school acted "under color of state law" when it discharged them, as public funding made up approximately 90% of the school's operating budget. The Supreme Court disagreed with the plaintiffs' argument and upheld the dismissal of their case, holding that the school's receipt of public funds does not make

the discharge decisions acts of the State, and that the school is "not fundamentally different from many private corporations whose business depends primarily on contracts [with the government.]" *Rendell-Baker*, 457 U. S. at 840.

Plaintiff does vaguely allege that Defendants have conspired to deprive him of his constitutional rights. However, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). *See also Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986)("It is not enough for a complaint ... to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."). Plaintiff's conclusory allegations of conspiracies simply do not state a claim under § 1983.

Accordingly, Plaintiff's claims under § 1983 should be dismissed, with prejudice, as Plaintiff has failed to state a claim upon which relief can be granted. Quite simply, "persons victimized by the tortious conduct of private parties must ordinarily explore other avenues [than § 1983] of redress." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996).

### C. Plaintiff's Complaint Also Fails Under Paul v. Davis

Even if Plaintiff were to establish that Defendants acted under color of state law, his Complaint would fail for another separate and independent reason. In *Paul v. Davis*, 424 U.S. 693 (1976), the Supreme Court held that an injury to reputation – even when inflicted by a government official – does not result in a deprivation of a liberty interest and therefore, does not

invoke the procedural protections of the due process clause, and that something more than simple defamation by the state official must be involved to establish a viable claim under § 1983.

The facts of *Paul v. Davis* were as follows – a photograph of the plaintiff bearing his name was included in a "flyer" of "active shoplifters," after he had been arrested on a shoplifting charge in Louisville, Kentucky. After that charge had been dismissed, the plaintiff brought an action under § 1983 against the police chiefs, who had distributed the flyer to area merchants, alleging that the defendants' action under color of law deprived him of his constitutional rights. The *Paul v. Davis* case is factually analogous to Plaintiff's case. Here, Plaintiff alleges that his co-workers harmed him by perpetuating a rumor that Plaintiff was the Eastside rapist. Thus, the injury alleged by Plaintiff is an injury to his reputation alone. *Paul v. Davis* makes clear that such a defamation claim is not cognizable under federal civil rights law, and Plaintiff's case should be dismissed on this basis as well.

### D. The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

Finally, to the extent that Plaintiff's Complaint presents claims under state law,[6] this Court should decline to exercise jurisdiction over Plaintiff's remaining state law claims. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917

---

[6] In a "Preliminary Statement" to his Complaint, Plaintiff states that he "also alleges the torts discrimination, harassment, slander, hostile work environment, Intentional Infliction of Mental Distress, Conspiracy [and] wrongful termination."

(6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Therefore, it is recommended that any remaining state law claims be dismissed, without prejudice to them being re-filed in a state court of appropriate jurisdiction.

### III. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendants Ebony Little, Don Smith and Goodwill Industries' motion for summary judgment (Dkt. 15) and Defendants Nan DePriest and DTE's motion to dismiss (Dkt. 16) both be **GRANTED** and that Plaintiff's federal civil rights claims be dismissed, with prejudice. It is further recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claims asserted by Plaintiff, and that these claims be dismissed without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                            s/Mark A. Randon
                                            MARK A. RANDON
                                            UNITED STATES MAGISTRATE JUDGE

Dated: March 24, 2010

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, March 24, 2010, by electronic and/or first class U.S. mail.*

                                            *s/Melody R. Miles*
                                            *Case Manager to Magistrate Judge Mark A. Randon*
                                            *(313) 234-5542*